

FILED
NOV 17 2017
Clerk, U.S. District & Bankruptcy
Court for the District of Columbia

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | | |
|---|---|---|
| JAN B. HAMILTON, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No. 17-1977 (UNA) |
| | ) | |
| JENNIFER LOWE, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM OPINION

Plaintiff identifies herself as "an elderly disabled lesbian." Compl. at 1 (introductory paragraph). She alleges that Jennifer Lowe, an employee of the Supreme Court Historical Society, "brutally assaulted" her on June 5, 2017 "with irrational rage and melt down." *Id*. ¶ 9; *see id*. ¶¶ 6, 10. Plaintiff reported the incident and submitted "pictures of bruising" she sustained in the alleged assault "to the Federal Police of the US Supreme Court . . . so that an investigation for criminal assault could be conducted and documented by government authorities." *Id*. ¶ 12. However, plaintiff alleges, she has had no contact with the officers to whom the case was assigned. *Id*. ¶ 15. Now plaintiff brings this action against all the officers and staff of the Supreme Court Historical Society, *see id*. at 1 (caption), "to prosecute this homophobic federal employee for violations of . . . Constitutional Amendments 1st and 14th, and the 2009 Matthew Shepard Hate Crimes Act." *Id*. ¶ 16.

Based on the Court's review of the complaint and the accompanying proposed "Order to Prosecute Guilty Persons in the Hate Crimes Act of Assault in Chambers of the US Supreme Court by Jennifer Lowe, June 5, 2017 Reported to Federal Police Alleging Hate Crimes Violation," it appears that plaintiff principally demands the criminal prosecution of defendants.

"To the extent that [p]laintiff is seeking to compel an investigation of criminal activity, [her] claim fails because the United States Attorney General has absolute discretion in deciding whether to investigate claims for possible criminal or civil prosecution, and, as a general rule applicable here, such decisions are not subject to judicial review." *Dominquez v. Dir. of the Fed. Bureau of Investigation*, No. 14-cv-14692014 WL 4956668, at *2 (D.D.C. Oct. 3, 2014) (citations omitted); *see also Williams v. U.S. Dep't of Justice*, 689 F. App'x 645, 646 (D.C. Cir. 2017) (per curiam) (affirming dismissal of "complaint on the grounds that: (1) the U.S. Attorney General has absolute discretion in deciding whether to investigate claims for possible criminal or civil prosecution and such decisions are not subject to judicial review"); *see generally Diamond v. Charles*, 476 U.S. 54, 64-65 (1986) (noting that private citizens cannot compel enforcement of criminal law).

If, in the alternative, plaintiff intends to bring a negligence or other tort claim against defendants, it is not clear that this Court has subject matter jurisdiction. It appears that this action might proceed as against Ms. Lowe only if plaintiff could establish – and she has not – that the matter in controversy exceeds $75,000, and the suit is between citizens of different states. *See* 28 U.S.C. § 1332(a). With respect to the remaining defendants, the complaint sets forth insufficient factual allegations to support a claim against the officers and remaining staff of the Supreme Court Historical Society. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

Plaintiff is granted leave to proceed *in forma pauperis*, and the complaint and this civil action are dismissed. An Order accompanies this Memorandum Opinion.

DATE: November 9, 2017  /s/
RUDOLPH CONTRERAS
United States District Judge